Good morning, your honors. My name is Susan Booker. I represent the executors of the estate Charles Kogut and Daniel Kaminsky on behalf of Hebrew University of Jerusalem, the claimant and the appellant in the matter. Good morning to both of you. Before we begin, I would advise each of you that you'll have approximately 15 minutes to present oral arguments. And from that, Mr. Kogut, you can save out some time for rebuttal. Thank you. You may proceed. Thank you, your honor. If it pleases the court. Judge, this case, after reading the briefs and the facts, does not present the usual customary case involving a trust. The trust in issue here is a testamentary trust under the Zivin's, Alma and Dr. Zivin's mutual will that they executed in 1983, which will was subsequently revoked by Alma Zivin in at least 2004 after her husband passed away. And although the revocation of the 83 will is deemed valid, the court has to admit the last duly executed will, her revocation of that will gave rise to a claim for the implied contract between her and her husband that that will, once one of them died, became irrevocable. And for the benefit of the beneficiaries of that revoked will, it's subject to a claim against the survivors of the estate. So therefore, as of Alma Zivin's death, the 1983 will which created the trust in issue was revoked, the testamentary trust under the will didn't exist, there were no assets in the trust, and there was no ongoing administration of that trust. So under those general normal circumstances, it's your opinion that the trustee would be the one to bring an action if someone tried to interfere with the trustee's administration of a trust? If they were actively administering the trust? Yes. Yes, I agree with that point, which is the general rule. Yes, I understand. Let me ask you this. Yes, ma'am. How did the Hebrew University, how and when did they get notified about the action of the 2004 will? Shortly before the claim period expired, Mr. Stringer, who was the attorney for the Hebrew University, had contacted them and advised them about the claim. And then thereafter, shortly before the claim period went into the trustee, Chase Bank, a successor to First National under the will, told them, hey, we have this claim, here's the deadline, as he said in his affidavit. Did Chase, do you know if Chase was ever notified? Other than when Mr. Stringer notified them? To my knowledge, I don't think there's nothing in the record to reflect the estate ever gave them notice. But they gave the Hebrew University notice. No, the estate, there's nothing in the record that I'm aware of that indicates that the Hebrew University was given any notice by the estate. They came about through the grapevine through Mr. Stringer, who advised them of the claim. How did Mr. Stringer get notified? Honestly, Judge, I don't know that. So there wasn't really any notification? To the Hebrew University? Yes. No. Well, was there any notification to Mr. Stringer? No. Not to my knowledge. Okay. And normally, is it your position that the grounds, having a claim in this, to this, based on the earlier will? Correct. That would not be something that Hebrew University could ever contest in a will contest, right? There's only four grounds to contest a will. This is based on an entirely different action, a claim at law or equity, because of a taking or a right to taking something under a will that is irrevocable. Oh, correct. So the last will, the 204 will, I think it was, that was admitted to probate, they don't have grounds to challenge that will based on their claim under the trauma mutual. That's two separate… Yes, but you agree with that principle. Oh, no question. The only way they can challenge this is by filing this claim, either having an action at law or an equity where a trust might be imposed upon the estate because of this earlier will that you're alleging was irrevocable. That is correct. In my opinion, the only way they can enforce their action under that joint mutual will is a claim against, in this case, Alma Zubin's estate because she was the survivor. If they do not have an action at law or an equity, it would be sufficient because it's a claim against the estate governed by the rules of the probate court as two claims. So that's the only, the one and only way that they could get any relief for the breach of the contract by Alma Zubin or by revocation of that joint mutual will. Counsel, it's your position that the trust has been revoked. The provision under the will that creates the trust was revoked, subject only to the claim against the estate for the damages arriving from the breach of that joint, that agreement under the joint mutual will. So the trust itself doesn't, is an inactively existing, managed, administered trust. Just what happened with the revocation that creates the claim against her for the breach and the damages caused to the trust and the beneficiaries under the trust for their failure to obtain, I think in this case with the pre-deceased, that account was like 60%, 60% of the net residue of the estate. So unlike the other, all the authorities that have cited by counsel and contemplated under restatement in the Reedy case, they cite in the Axelrod case, this is not an actively managed trust. And what I believe in our case, we think that the will is attached to the claim, the joint mutual will, carries all the characteristics of, under the Rausch v. Rausch case, that this is a binding contract between the testers giving rise to this breach of contract claim. May I ask you? Yes. Did you consider joining Chase as a, I don't know what, respondent or something? As a party defendant? Yes, party defendant. Well, no, because of the shortness of time, we had to get the claim on file because we were done. And also, there's a general comment even in the statement third that counsel The beneficiary can't sue the trustee. They don't have to. I think it's a sub-comment or additional comment F in the restatement that's cited by count 107 that says, although for judicial economy, you could join the trustee. It is not a prerequisite to the beneficiary taking action against the third party. Just go ahead and file against the third party. Was there any basis offered by the trustee as to why they failed or did not act? Under the facts of this case, Judge, there is nothing indicated other than the corporate trustees want to have fees earned by the administration or they want to buy into litigation. And this is all this case is going to consist of, is filing the claim and litigating the claim to create the trust, to fund the trust. So I normally didn't state anything specific. But in common sense and in the business world that's out there, they don't want to buy into litigation because it doesn't benefit them. So they refused to act. And you would agree that if the trial court determined that this wasn't a joint and mutual will, then Hebrew University would have no right to take part? Correct. It's either their sole basis on this estate is as the beneficiary of the testamentary trust on the joint mutual will. Without that, they have no recourse. I'll reserve it as capable of disposing of a property. Did you ever argue that the trustee was unavailable? Well, in the lower court, we felt we met the requirements. However, looking at it from the revocation standpoint that Your Honor brought up, that the trust didn't exist, there really was no trustee at that time. So the trustee either didn't exist or wasn't available. So your position is that it was created when Mr. Zivin died? What year did he die? 1984, I believe. His will became irrevocable in the year he died? Correct. And then the subsequent will by Mrs. Zivin, I believe, revoked the trust? Revoked the will that had the trust provision. Yes. So was this trust ever really created? Well, once the will is created, it's a testamentary instrument, so it's ambulatory. It doesn't take effect until the death. So technically, no, because when he died, Dr. Zivin died, it gave the beneficiaries of that will the rights to enforce the document upon Mrs. Zivin's death. All right. So, again, going back to the point that Mr. Schroeder did advise the bank that, hey, there's this claim out there, and by the way, there's this deadline. He gets informed that they're not going to take any action. He waits until the very last day to file a claim. In fact, if you look at the claim, the clerk's office put the wrong date. It was the day after the claim period expired. He had to go back and he crossed it out and put the right date. It was filed. Is there any debate about that? Are we going to have any contest about that? It's been raised, and maybe not in the future, but he did go back to make sure it was properly marked on the correct date. And like I said, the state argues the general rule that only the trustee can take action to enforce a contract, like in this case, against the trust. However, there is the exception that we're relying on. If the trustee fails or improperly acts, fails to act, the beneficiary can't undertake the filing of that action. There's no question here that the bank has tried to never file a claim in the estate. The record is clear. No claim was ever filed. The trustee also argues there's no evidence that the trustee acted improperly, and furthermore, that, well, they have discretion to act or not act, as in the Axelrod case and the Reedy case that they rely on. But again, as I said, this is not the ordinary, customary case of the trust that you come across. But as even contemplated by the trust and trustees, there are other cases that the estate relies on. Those were actively managed, existing trusts that had an active and appointed trustee acting here. No such factors exist. Did the trial court conclude that once the issue of standing had been raised, that the 191 affidavit wasn't really competent evidence, when there's basically hearsay contained in that about what case would or wouldn't do? Right. I think that the court didn't make a comment on the affidavit just whether it lacks standing. You have to show an actual breach of duty to get past the exception. As far as the affidavit goes, I think the affidavit, the statement from the bank that they weren't going to take any action, although that's hearsay, we're not using it for the base of the truth. The proof of it is just that that's why we acted in filing the claim itself. We were told, so we acted on that. What exception is that? It's not an exception. It's not hearsay. We're not offering it to prove that that's what happened, what they actually determined or what they said. We don't know. Maybe there's other reasons why they decided not to take any action. Did you argue that to the judge, that it's not hearsay, we're not offering it for the truth, we're using it to show why we acted in the manner we did? We never got to the affidavit before Judge Coleman. I thought that was the basis of their motion to dismiss, that the affidavit was incompetent. It didn't comply with Rule 191. Therefore, there was no evidence of standing. The motion, there was no evidence that the trustee breached their duty and that they had the discretion to decide to file the claim or not file the claim. So the court, lower court, really never passed upon the sufficiency of the affidavit because regardless of the affidavit. Am I looking at a different section? 107 of the restatement is that the trustee is unable, unavailable, unsuitable, or improperly failing to protect. Is that the same section we're talking about? The 107-2B? Yes. All right. Well, I mean, there's more to that than an impropriety. Correct. There's an inability, unavailability, unsuitable, and then there's this improperly failing. All right. So we're at least looking at the same section. Correct. All right. So in addition to that restatement, you know, we cited Bogert in our brief that provides for if a trustee fails to take action, that gives rise to the right of the beneficiary. In addition to that, if the exigent circumstances exist, that you have to take some action. Is it exigent circumstances or is it special? I use the word exigent, Your Honor, if I'm mispronouncing it. Yeah, I was just curious. That term, I know that term from other matters, criminal matters, but anyway. If there was an emergency, let's put it that way. Yes, okay. If the circumstances there were of an emergency in nature that required some action to be taken, and if the trustee doesn't do it, we're out. Especially in this case. If they fail to take this action, we are done. Okay, let me ask you something. How could there be a trustee in any event in this case because this trust was? Revoked. Well, no. First of all, it was created in a will, okay? And subsequent to that, it's your position that in this, when he died, the provisions became irrevocable, okay? Correct. So, but how does a trustee act when, I mean, there's no possible way to fund something without the court's intervention, is there? In this case, no. If the estate isn't going to voluntarily turn over money to the trustee saying, oh, we recognize there was this prior will and here's the money. The only way that. So is there really any trustee here at all? And then, I guess, is there really any beneficiary either? Well, but again, it gives rise to the Marcucci case and the case we said on that part of our brief where the beneficiaries under the joint, the revoked joint mutual have a claim for the breach. And those are the damages. So the trustee could have filed that claim just as we did saying, hey, we were named as the beneficiary to receive these funds for the benefit of the Hebrew University and we want to enforce that obligation under the joint mutual to give us the money, to fund the trust, and then we can meet the provisions of that document. So you would agree that the trustee could have done that? Oh, no question. That's why we would have. Is that because under the restatement, a trustee designated by or selected in accordance with the terms of a trust may act without being appointed or confirmed by an order of court? And I'm looking at elements of trust from the restatement third, that's section 34, I think. Appointment of trustees. Well, the trustee is appointed by the document. So once the document is in effect, you are the trustee. Now, you can decline to act. You can do other things. But you are appointed by the instrument. It doesn't need court intervention. No, but at the same time, I don't understand how a trustee, other than filing a suit of some kind, they can't marshal things that they have no actual right to. Oh, absolutely not. That's why in this case, the issue here is so unusual that the only way this trust gets funded, it exists, or gets the trustee appointed, is to file that claim, which they failed to do. I think we touched on all the briefs. We're running out of time, Your Honor. But one other point. I know that there was a matter of a case that was decided on the second division, the State of Jandruzzi Act. It was unpublished. Is this separate? The State of Jandruzzi Act. Unpublished? It isn't unpublished. We don't want to hear this. Well, again, in conclusion, based on the record of this case, where they have the only way to protect the trust, the beneficiaries, is by the filing of the claim. And the record supports the fact that, you know, by Mr. Stringer's affidavit, if the bank at least put it on notice, they failed to file a claim. There's nothing in the record by the 9-4-14 deadline or 13 deadline when the claim period expired. So if they failed to take any action, which was the only action they possibly could have taken, they had to file the claim, do or die, no claim, no benefit, no trust, no obligations to the trustee. So based even on the 107B2 provisions, the conduct of the trustee, in this case, by filing to take any action is a breach of their duty. It's an improper refusal. And there are other standards at the wording under that section. And therefore, based on that refusal, the claimant had standing to file a claim to protect this interest. The court's order finding the claimant did lack standing is erroneous. We respectfully ask this court to reverse that order, find that we have standing, and remand this matter back to the circuit court for further proceedings on the claim. All right. Thank you. Ms. Booker. Thank you, Your Honors. I'd like to go right to the relevant facts that I think will be helpful to the court based on what I've heard so far. On January 23, 2014, Ahmad Zubin's will, dated May 20, 2004, was admitted to probate. At that point, it is the dispositive document as to the disposition of her assets. Consistent with the probate code, Section 5-18-1, the executor published notice of the estate and published notice of the claims period. That is how potential claimants get notice of the opportunity to file claims against the estate. And the notice is in the Record on Appeal at 00031. Do you agree with the general principles of law that if we assume for purposes of this 2619, and I'm not suggesting this is a joint and mutual will, but if it were a joint and mutual will, when Mr. Dr. Zubin, is that Dr. Zubin? Dr. Zubin, correct. When he died, if it were a joint and mutual will, when he died, did that will become irrevocable? It became irrevocable as to him. However, it can be revoked by the survivor under any means provided by statute. Yes. Okay. It may be revoked. Right. However, isn't there substantial case? There is a case law that says that if it's a joint and mutual will and he dies, it becomes irrevocable and that although Mrs. Zubin could revoke it, create her own will, make different dispositions, which she did in this case, that as to those provisions, a beneficiary or let's say the trustee would have the right to file a claim on behalf of Hebrew University for what they should have taken as beneficiaries under a trust. Is that true? I believe what is true is that the legatee, the legatee under the proffered joint and mutual will can file a claim. And when the legatee is a trust, that the beneficiary has no standing to bring the action. So you would agree that if Chase had filed this claim, everything would be fine? I would agree. Chase had the standing to bring the action. It was the legatee. Chase is the successor to First National Bank. Yes, of course. Who is the legatee and had the standing to bring the action. Now, what does the restatement mean then regarding whether the trustee is unable, unavailable, unsuitable, or improperly failing to protect? Well, Your Honor, I would refer this court to the, I believe it's the Axelrod case, unavailable, unsuitable, well, unavailable I think is unavailable as in the Eplinger case cited by the plaintiff lost at sea or something beyond just not willing to act. It's an improper failure to act. That was the basis upon which HUJ defended the motion to dismiss. The argument was Chase did not act. Let me ask you this. Let me ask you this. What does 3 mean? In appropriate circumstances, a trustee ad litem may be appointed to consider and if appropriate to maintain a proceeding against a third party on behalf of the trust. It's your, it's your, you've already indicated that if Chase had filed this action, there would be no problem. Correct. Okay. So Chase didn't file the action. Correct. And yet if it had, you agree that there's a claim. Correct. And I think Chase's decision not to act in and of itself is not sufficient. There has to be a breach of fiduciary duty, and that's the Axelrod case. Chase has to improperly act. Well, I don't know that unable and unavailable or unsuitable has anything to do with a breach of fiduciary duty at all. Improperly failing perhaps does. Well, to the extent that a trustee is unavailable, having had, I don't believe Chase was unavailable in this situation. It was available. And it shows in its discretion not to pursue this claim. How do we know all of that? Well, we have to accept the hearsay that was offered in the Stringer affidavit. And again. I thought you objected to all that. We did, Your Honor. In fact, all of us are arguing that what was contained in the affidavit was correct and true. No, Your Honor. What we argued and what I would continue to argue is that the estate filed its motion to dismiss for lack of standing. HUJ responded with, no, we do have standing because Chase has failed to act and here is this affidavit. And we then argued the affidavit is inadmissible hearsay. But even if you look at the hearsay, beyond the hearsay issue, the affidavit is that Chase took a look at this and seemingly in its discretion which it's allowed to do, it declined to pursue the claim. Well, but in the face of Chase declining to pursue the claim, that means the beneficiary has no recourse? No. No relief. The relief would have been and it's under the Ready case to have brought the trustee in along with the third party and named Chase in the action. Then why shouldn't they be allowed to do that at this time? Because at this point Did the dismissal have been with prejudice? Yes, because there was an affirmative defense that was not negated by a material question of fact. There was no proper material question of fact. And I would also point out to the court Who's really injured here? Is the trustee the injured party? I think, Your Honor, that's what makes this very unique. And I'm going to refer to the actual So kind of like a special circumstance or an appropriate circumstance Well, it's a unique relationship because as noted in the Axelrod case, the trustee holds title to the property, and the beneficiary gets the benefit of that property and therefore has a derivative benefit under the trust. And the Axelrod court analogized this situation to the corporate shareholder situation where a shareholder cannot bring action. How does the trustee here have any real power to act? This is a contract claim. As Your Honor has noted, this is not a real contest. So essentially what HUJ is coming in and saying in its claim is that HUJ has a cause of action for breach of contract. And what HUJ would have to prove in that situation is that Alma Zivin and her husband, Dr. Israel Zivin, entered into an agreement to provide for a bequest, a legacy to Hebrew University of Jerusalem. That's not what the document says. The document says, if it were to be proved, that there was a bequest to First National Bank for its successor, in this case Chase. There's no way to avoid that Chase is the legal title holder, and under the terms of the bequest there's no interest in the outcome of the case. Chase? Well, yes. That's a legal fiction, yes. Because every beneficiary has an interest in the funds of a trust. They probably perceive those funds to be theirs. But they are not beneficiaries. The trustee under the Trust of Trustees Act is granted the discretion to act or not to act in any way, shape, or form vis-à-vis those beneficiaries. And if a beneficiary can decide simply because a trustee says, no, I'm not going to do something, that it has standing to go out and sue a third party, then the whole relationship, the whole concept of trust, beneficiary, trustee discretion and beneficiary relationship is undermined. And that's what Axelrod is about. And that's what Godfrey B. Kamin is about. That's what Reddy is about. So you've kind of given us some inferences that we should draw. The trustee may have rightly decided not to do anything. So in the restatement, here's a paragraph I want to direct you to. It says, it bears repeating that the trustee and not a beneficiary is ordinarily the only proper person to bring and decide whether to bring an action on behalf of the trust against a third party. And that's the kind of action we're talking about, right? The trustee may well decide and rightly not or not yet to bring an action. There are circumstances, however, when it is necessary for a beneficiary to act. If, for example, the beneficiary can show the trustee is improperly refusing or neglecting to bring an action, or if the trustee is unavailable or unable to act, the protection of the trust estate may depend on the initiative of a beneficiary, including seeking the appointment of a trustee ad lait. So in this instance, you've agreed that the trustee, we should infer that the trustee properly declined to act, correct? No, I'm not. Well, is there anything in the record that really tells us one way or the other, is this one of those cases where, as a matter of law, the trial court should have concluded that the trustee and only the trustee properly acted in this case? I mean, as a matter of law, should the trial judge have decided that? Based upon the claim that was filed? Based upon the claim that was filed, no. The claim that was filed says exactly what it says. It says that it acknowledges, and, Your Honors, I would point you to paragraphs 5 and 8 of the claim that acknowledge that the claim lies with the legatee, which is the trustee, and that when presented with the motion to dismiss, which basically asserted no standing, HUJ did not take any action to amend its claim. It stood on its pleadings, and it came in and it said to the court, No, Your Honor, they're standing because Chase didn't act. It did not bring in any evidence whatsoever that that inaction was improper. The insistence was that's all they could do, therefore it's improper. My response to that is I think it's clear under the case law that a trustee can decide for prudent business reasons. Well, what about this? I think that actually how they ever became notified is very questionable, okay? Yes. So apparently there's this will, and I'm not concluding it's a joint and mutual will, and I don't think that it's the business of this court to make that decision. However, if it is, and we're looking at the pleadings and we're assuming certain things for purposes of that 2619 motion. So in this instance, apparently they happened to find out, and there is this will that's there, and they filed their claim on the very last day. So is this a special circumstance? If they don't get in on that day, they're out, aren't they? They are out if they don't go in. But, Your Honor, that's not a special circumstance, and here's why. The probate code provides for notice. That's how creditors find out about the opportunity to file claims. If a creditor sits on their hands and misses the deadline, files a day late, they just learned, I just found out, I didn't know, it doesn't matter. Under the probate code, that claim is barred, and it's barred because the court no longer has jurisdiction. It's not a statute of limitations issue. It's a jurisdictional issue, and that's under the Winters case, and I can get you that site if Your Honors would like it. Did you serve a notice on Hebrew University? There was no obligation for the executor to serve a notice. The only time the executor has to give notice to a claimant is when the claimant is a known creditor. Well, they know about the other will. But, Your Honors, they did not believe, and more importantly, I can offer to the Court, they did not, the executors, they knew about the other will. They never in their wildest imagination perceived it to be a joint mutual will. Why not? It has all the hallmarks of a joint and mutual will. Your Honor, it may have... And isn't that something for the trial court to at least first address? It may have had indicia, but Your Honor, what about the situation, and I'm not saying this is what happened, but if you send that notice, aren't you by implication admitting that it's a joint mutual will? Was there any notice sent to Chase to the trustees? There's no obligation to send a notice. Well, you just said that the way that creditors and other individuals... Chase is not a creditor. Well, I know Chase is not a creditor, but Chase is the trustee. You said that under the probate code, the act provides a provision that those who would have an interest in the probate or the administration would get notice. Notice is to known creditors. So if you know that American Express is owed money, you must let American Express know that it's owed money. But in order to meet their burden, in order for HEJ to meet its burden, it has to prove under clear and convincing evidence that there was a contract between Alma and Dr. Zivin to enter into this will. So the executors did not know of any such contract. And that may be all very well and good, and I accept those representations. At the same time, the purpose of a 2619 is to make a determination as a matter of law that based upon the pleadings, which you assume for purposes of that 2619 that that states a cause of action, were to assume that this is a joint and mutual will, that it became irrevocable upon his death, and that the legatee, trustee, then had a claim. You agree with all that? Yes. The only thing you're disagreeing with is whether or not standing, that you established standing or, I'm sorry, you defeated standing as a matter of law. And that is correct, Your Honors, because the response to the motion did not raise a material issue of fact on that issue. Well, that's the question. You want us to infer that Chase acted appropriately? No. That they had absolutely every reason not to appear? No, Your Honors. I'm sorry. What are you saying? I'm saying that the trial court, the burden shifted. Once the motion was filed, the estate met its prima facie case. It said you have no standing. You're a beneficiary under a trust. You do not have standing. HUJ responded with an affidavit. That affidavit was hearsay. Perhaps, Your Honor, if the affidavit actually had admissible, credible allegations? Well, it said that we contacted Chase. Chase refused to act, and therefore, that's why we're filing the claim. Can we infer from that there's a question of fact so that the trial court shouldn't have dismissed this as a matter of law? If this isn't a joint mutual will, then what is the concern? If Your Honors, you would have to go past the hearsay nature of that testimony. Now, respond then to Mr. Kogut's statement that none of those statements were offered to prove the truth, but mainly to show how they acted or why they acted on the last day. To the extent that it is being offered as an explanation as to why or why not something was done, it is the out-of-court statements of an unidentified party I maintain being offered for the truth of the matter asserted. Mr. Kogut, when he argued in front of the trial court, when he offered that affidavit, wanted the court to accept as true those statements. And I will go further, Your Honor. Even what's in there is not an improper failure to act. In fact, HUJ has never argued that what Chase did was improper. It is simply argued that because Chase did not act, HUJ has standing. There has never been an allegation of impropriety, all the way through to the reply, just failure to act alone. I don't quite understand this, but how is there a trust? How does Chase act in these circumstances? Just bringing an action, they can do that? Chase can bring an action for breach of contract based on the purported joint and mutual will. But the beneficiaries, any beneficiary under that trust does not have standing. It is a derivative action that is barred. And would you say that the restatement where it says a trustee is unavailable has no meaning at all? I think unavailable refers to the physical sense, and I refer to the Ettinger case, which is cited by HUJ in its papers. Unavailable, I do not believe it means in the esoteric sense of I'm not acting. I believe unavailable means physically unavailable. My problem with your argument here is that the beneficiaries of one of these wills can be deprived of its benefits if some vice president in some trust company, for whatever reason, we don't have a stake in it, I'm not going to hire lawyers to go in here, for whatever reason decides not to intervene, they're going to be deprived of a benefit. Well, beneficiaries are always being deprived of benefits by the trustee. Whenever a beneficiary under trust asks for the trustee to make a distribution so that they can pay for a new car, and the trustee says no, they've been deprived. And so the issue then, and where I'm going, is it's a, it goes to the trustee-beneficiary relationship. And perhaps this is a discussion that HUJ has to have with its counsel, or has to have with its, excuse me, I should say with its, with Chase, that there's been some breach there. But just because the beneficiary is not getting what the beneficiary wants doesn't mean that, they're always being deprived. And that's what Axelrod was about, and that's what Godfrey, the Godfrey case talked about. It talked about the fact that the beneficiaries were saying, look, we were harmed. Well, we're not talking about the trustee having some property and refusing to turn it over. We're talking about the right to have anything. But the only entity, the only person and trustee is the person entitled to retake under this purported joint mutual will is the trustee to hold it in trust. Let me ask you this. Remember, this is defeating a claim as a matter of law on an issue of standing. And the notion behind standing is that there's a palpable injury between this beneficiary here and the estate. You're saying there isn't one because of general trust principles. That's fine. However, can't we infer, if we take this as true, that this is a joint and mutual will, if we take it as true, which we're obligated to do, and the chase is the trustee that should have acted and they didn't act, why can't we infer that they have acted improperly when they absolutely have a right under that will if it is, in fact, a joint and mutual will? Because there have to be facts to support that. Well, they didn't appear. There was a phone call made. They didn't act. And then the beneficiary said, that's why we're here. It's the 11th hour. We're here. Chase is not here. Why can't we infer? That's all we're doing. Why wouldn't we infer there's a question of material fact that chase improperly refused to take on this obligation when indeed and only if this is a joint and mutual will? Because a trustee has the discretion to act. And there's no showing of acting. There's no showing that they acted with their discretion. The only showing is that under this will, if it is, in fact, a joint and mutual will, that Hebrew University had a beneficial interest in a trust. So I don't know how we decide this as a matter of law. I don't know how it was dismissed as a matter of law. If there's any question of material fact, that's all. And I would proffer, again, Your Honors, that Rule 191 says what it says. And the General Assembly has spoken. And the issue of improperly refusing was never argued. So Your Honors would be essentially creating an argument that was never offered to the trial judge. The only argument ever offered was that it just didn't act. Chase just didn't act. I've suggested that there's multiple grounds, one of which is the unavailability. But in the face of the statute of limitations or the period in which the file is approaching, fast approaching, in the face of that and in the face of the claimants here, the university saying, hey, you need to do something, and they do nothing, you mean to suggest to us that we shouldn't conclude that they improperly failed to act? I don't think you can draw that conclusion. I think that trustees act day in and day out. There are lots, you know, the affidavit, again, going past the hearsay, says, listen, we ran this by our committee. Somebody looked at that document. And perhaps it was lawyers, perhaps it was not. But the position of the estate is it's not clear-cut that it's a joint mutual will. As best it's ambiguous. So in order to go down that road. But don't we accept as true that it is a joint mutual will? Didn't you, when you filed your 2619, suggest to the court that as a matter of law, there's a claim that states a cause of action? That's what you do when you file a 2619. You say it states a cause of action. But this is affirmative matter, last standing, that defeats that claim. It creates a claim. It doesn't admit on its face that it's a joint mutual will. The motion admits that well-pleaded facts are taken as true. Whether it's a joint and mutual will is a conclusion of law. So that's not admitted. But going back to your Honor's question, somebody must have looked at this and said, wow, how are we going to prove this? The testators are dead. There's the dead man's act. There might be statute of limitations issues. Is there any number of defenses to this joint mutual will? That's right. And states have very well spotted those issues, and its decision not to act may well have been entirely proper. So you've made all these reasonable inferences, which, Ms. Booker, I agree, are completely reasonable and inferable. But on the other hand, can we say, or should the trial court have said as a matter of law, that the inferences that they're asking to draw are not something that a trial court should make? Because everything you said is just inference upon inference. Well, Chase made a decision, a reasonable one, that this isn't really a joint mutual will. Therefore, we don't really have to act. I think Your Honors need to remember what was alleged and what was not alleged in this claim. And the fact that HUJ has argued that it did not even have to plead stand. No, well, that is the law. I mean, I disagree with you. There's a case, a Supreme Court decision, that says that standing does not have to be pledged. And it's not Victor, by the way, as you asserted in your brief. No, and I'm not disputing that issue. I'm just saying, Your Honors, that standing was never pledged. So there's no, there's nothing in the claim to support any basis for standing whatsoever. And so the motion that was filed, pleading aside, it wasn't a 2615. It was a 2619. The motion said, you don't have standing, HUJ. And HUJ said, yes, we do, because Chase didn't act. They never said it wasn't improper. Is there, what would you say is your best case for us to look at regarding a situation where the beneficiary should be thrown out the door because the trustee didn't file the complaint? Give us one that you really think we could, you know, write this decision based upon. I would refer the courts to Reddy v. Reddy, where in that instance, the beneficiaries named the trustee as a party to the claim. And wasn't that case, though, about the managerial expertise of the trustee? Well, what it was really about, Your Honor, was whether the beneficiaries can sue a third party when the trustee chooses not to. But in that case, wasn't the trust being actively managed? Yes, but I think that's a distinction. In this situation, there is a trustee and there's a third party, and there's a beneficiary of a trust trying to sue a third party that the trustee has chosen not to sue. The underlying trust beneficiary concepts are consistent. And then the other cases I've cited are the Axelrod and the Giambalvo cases. In each of those situations, the beneficiary said, look, we're harmed. We're harmed here. And unless you do something, we have no address. Well, isn't that really the sum and substance of this claim? Yes, and in Axelrod and in Giambalvo. Looking at the beneficiary's point of view, haven't you kind of stated their cause of action, their claim? Yes, everything. If the trustee doesn't do something here, we're out of the box. And in that situation, the beneficiary can go after the trustee for breach of fiduciary duty. The beneficiary cannot go outside of the trust and sue a third party. It is just not permitted under the Trustees Act and applicable law unless you invoke the restatement. And as we've discussed, those are very limited situations, none of which were established with any credibility before the trial court. All right, so is there anything further that you wish to add? Then take the time you wish. Thank you. Your Honors, I think in closing I would just like to point out that this claim, even though it's a contract claim, is essentially a claim to enforce a trust. There's no trust. The only party that can enforce a trust is a trustee. Essentially, HUJ is saying, give me 60% based on a breach of contract claim. But HUJ was never, even if this will is found to be enforceable, entitled to the money. It was entitled to the income. The money was to go to First National Bank or its successor trust to be held for the benefit of HUJ. That is the legatee, the trustee. And the trustee had the cause of action. The trustee chose, we don't know why, but there's no credible issue of fact before the court as to why. The trustee did not act. It's not alleged it was improper. The trustee just did not act. And HUJ chose to stand on those pleadings. And that was its choice. And we are now here and the executors maintain that the dismissal was proper. And I thank the court, your honors, for your time. Thank you. Mr. Colbert, a brief response? Sure. Counsel, your finishing statement indicated that there was no allegations of standing fled in the claim. I think we noted in our brief that claims under the Probate Act against the states are not governed by the rule of governing actions at law. All they have to do is put a basic notice requirement under the statute. That's the estate of Kirpin, K-R-P-A-N, that we cited. So there's no responsibility on the pleader in a claim against an estate, which this is, to be as detailed and factually based as other actions at law. And counsel keeps going back to the trustee had the discretion to decide whether or not to pursue this action. Again, the record is clear that it must force him taking any action. There is nothing for us. The restatements, the case law, requires a trustee, if they have a claim, to pursue the claim for the benefit of the beneficiary. So here, whether they acted properly, I think your honors pointed out, is not a question of what. So it's a factual basis. But the record supports the fact that the no claim being filed, the statute says the claim is barred and the court loses jurisdiction to consider the claim. So the only one thing that the bank could have done as trustee was to file the claim. And I submit that their failure to do so was improper under any factual basis. Because we lose whatever benefit we had under that joint mutual will is lost forever and there's no court that's going to be able to rectify that situation under the Parker estate because the court lost jurisdiction to enforce that contract. Therefore, contrary to counsel's argument, the record in this case supports the fact that the trustee is acting improperly. And therefore, I'd ask that the court reverse the trial court's order and amend it back for further proceedings. Thank you. All right. Thank you both. The case was well argued, well briefed. And we will take the matter under advisement.